IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELSPUN USA, INC., WELSPUN GLOBAL BRANDS LIMITED, and WELSPUN INDIA LIMITED,<br><br>*Plaintiffs*,<br><br>v.<br><br>EKE TEKSTIL KONFEKSIYON TURIZM SANAYI VE TICARET A.S., EKE USA, INC., and VERITAS TEKSTIL KONF. PAZ. SAN. TIC. A.S.,<br><br>*Defendants*. | CIVIL ACTION NO. 1:17-cv-07001-GHW<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiffs, Welspun USA, Inc., Welspun Global Brands Limited, and Welspun India Limited (collectively, "Welspun"), by their undersigned attorneys, allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, violation of New York General Business Law § 349, and common law trademark infringement and unfair competition. Welspun seeks permanent injunctive relief and damages for the ongoing injuries caused by Defendants' willful violation of Welspun's trademark rights.

2. Welspun brings this action because Turkish company Eke Tekstil Konfeksiyon Turizm Sanayi Ve Ticaret A.S., its U.S. subsidiary Eke USA, Inc., and its distributor Veritas Tekstil Konf. Paz. San. Tic. A.S. (individually and collectively "Defendants") are infringing

1

Welspun's HYGROCOTTON trademark by using the nearly identical mark HYDROCOTTON for promoting, offering for sale, and selling competing bed and bath linen products. Defendants have violated Welspun's federally registered and common law trademark rights and have misappropriated Welspun's hard-earned reputation and goodwill for their own gain, causing injury to Welspun and the public. Defendants have adopted and used their copycat HYDROCOTTON mark with in bad faith and with reckless disregard for Welspun's trademark rights.

## THE PARTIES

3. Plaintiff Welspun USA, Inc. is a Delaware corporation with its principal place of business at 295 5th Ave, New York, New York 10016.

4. Plaintiff Welspun Global Brands Limited is a corporation organized and existing under the laws of India having a principal place of business at Welspun House, 7th Floor, Kamala Mills Compound, Senapati Bapat Marg, Lower Parel, Mumbai 400 013, India.

5. Plaintiff Welspun India Limited is a corporation organized and existing under the laws of India having a principal place of business at Welspun House, 7th Floor, Kamala Mills Compound, Senapati Bapat Marg, Lower Parel, Mumbai 400 013, India.

6. Defendant Eke Tekstil Konfeksiyon Turizm Sanayi Ve Ticaret A.S. ("Eke") is a corporation organized and existing under the laws of Turkey, having a place of business at Organize Sanayi Bölgesi Servergazi Caddesi, No. 12, Denizli, Turkey 20065.

7. Defendant Eke USA, Inc. ("Eke USA") is a New Jersey corporation, having a place of business at 230 Fifth Avenue, Suite 1904, New York, New York 10001.

8. Defendant Veritas Tekstil Konf. Paz. San. Tic. A.S. ("Veritas") is a corporation organized and existing under the laws of Turkey, having a place of business at Organize Sanayi Bölgesi Servergazi Caddesi, No. 12, Denizli, Turkey 20065.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has supplemental jurisdiction over Welspun's state-law claim pursuant to 28 U.S.C. § 1367(a) because it is substantially related to its federal claims and arises out of the same case or controversy.

10. This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c). Welspun's claims arise in substantial part in this District, as Defendants ship HYDROCOTTON-branded products into the District, Defendants have a place of business and transact business in the District, Defendants' HYDROCOTTON-branded products are displayed in a showroom in Manhattan where Defendants advertise and promote their products, and Welspun is being harmed in this District.

11. In arguing for transfer in the parties' related District of Massachusetts case (Civil Action No. 16-12040 (LTS)), Eke represented that the Southern District of New York was the appropriate jurisdiction for this case:

> First, Welspun USA and Eke's subsidiary, Eke USA, are at home in the Southern District of New York. Moreover, key witnesses and documents for all parties would be found in Manhattan. Beyond that, the allegedly confusing products are able to be viewed in Manhattan, and both Eke (prior to 2014) and Veritas have shipped products bearing the Mark to New York. See Çağlar Decl. at ¶11; see, Ovayurt Decl. at ¶12.

Dkt. No. 20, p. 19, Feb. 22, 2017.

## WELSPUN, ITS PRODUCTS, AND ITS VALUABLE TRADEMARKS

12. Welspun is one of the largest textile companies in the world and is a major global manufacturer and supplier of home textiles, including but not limited to bed and bath linens.

13. For over a decade, Welspun has continuously used the trademark HYGROCOTTON in connection with bed sheets and towels. Welspun India Limited owns U.S. Registration No. 2983694 for the HYGROCOTTON mark, which issued on August 9, 2005 and has a priority date of November 13, 2003. This registration is valid and subsisting and is incontestable pursuant to 15 U.S.C. §§ 1065 and 1115. The pertinent details of the registration are set forth below:

| Mark | Goods | Filing Date | Registration Date | First Use |
| --- | --- | --- | --- | --- |
| HYGROCOTTON (Reg. No. 2983694) | Bed sheets and towels made in significant part of cotton | Nov. 13, 2003 | Aug. 9, 2005 | May 3, 2005 |

14. Welspun has expended substantial effort and millions of dollars over many years to promote and advertise its HYGROCOTTON trademark for bed sheets and towels. By virtue of such extensive and substantial advertising and the sale of products under the HYGROCOTTON mark, the HYGROCOTTON brand has become well and favorably known among consumers. Such goodwill is among Welspun's greatest corporate assets.

15. As a result of Welspun's long and extensive use of HYGROCOTTON, and the fact that HYGROCOTTON is a "fanciful" term that was coined specifically for the purpose of serving as a trademark, HYGROCOTTON is a conceptually and commercially strong trademark entitled to a broad scope of protection.

**DEFENDANTS AND THEIR WRONGFUL ACTS**

16. Subsequent to the November 13, 2003 filing date for Welspun's HYGROCOTTON mark, Defendants or their predecessors in interest began using the mark HYDROCOTTON for bed and bath products identical or closely related to those sold under Welspun's HYGROCOTTON brand in the United States.

17.     Neither Defendants nor their predecessor in interest made any commercial sales of products bearing the HYDROCOTTON mark in the United States prior to November 13, 2003.

18.     Defendant Eke owns the following U.S. trademark registrations for HYDROCOTTON:

| Mark | Goods | Filing Date | Registration Date | Claimed First Use |
|---|---|---|---|---|
| HYDROCOTTON (Reg. No. 3861437) | Goods made in whole part of cotton, namely, towels, curtains of textile. | Sept. 3, 2008 | Oct. 12, 2010 | Jan. 1, 2009 |
| HYDROCOTTON (Reg. No. 4564914 | Yarn, made in whole or in substantial part of cotton<br><br>Towels, beach towels, beach towel wraps, baby blankets, baby hooded towels, sheet sets, duvet covers, bed blankets, bed coverings, namely, bed sheets, all made in whole or in substantial part of cotton<br><br>Bathrobes, slippers, bath wraps, shower wraps, beach wraps, baby bath robes and bath wraps, all made in whole or in substantial part of cotton<br><br>Bath rugs, tub mats, bath mats, all made in whole or in substantial part of cotton | Oct. 3, 2012 | July 8, 2014 | Apr. 18, 2014 |

19.     Neither of Defendant Eke's registrations for HYDROCOTTON is incontestable pursuant to 15 U.S.C. §§ 1065 and 1115.  On April 24, 2015, Welspun filed at the Trademark Trial and Appeal Board a petition to cancel Defendant Eke's Registration Nos. 3861437 and

4564914 for HYDROCOTTON on grounds of priority and likelihood of confusion (Cancellation No. 92061387). That action is currently pending.

20. Welspun's HYGROCOTTON trademark and Defendants' HYDROCOTTON trademark differ by only one letter and are highly similar in appearance, pronunciation, and overall commercial impression. Sellers of the parties' products are even interchanging the HYGROCOTTON and HYDROCOTTON marks in a confusing manner:



See Exhibit A.

21. Further, the bed sheets and towels sold by Welspun under the HYGROCOTTON mark are identical and closely related to the goods sold by Defendants under the HYDROCOTTON mark, as shown below:





*See* Exhibit B.  Indeed, Defendant Eke has publicly admitted that the parties' goods "are both identical and highly-related."  (TTAB Opposition No. 91227592, Dkt. No. 1 at ¶12.)

22. The parties' goods are sold in similar trade channels with HYGROCOTTON-branded products being sold by Welspun's nationwide retail partners, including at Bed Bath & Beyond, Costco, Home Depot, Macy's, Target, and Walmart, while Defendants' HYDROCOTTON products are sold online and in-store by nationwide retailers, such as Pottery Barn, Nordstrom's, Nordstrom's Rack, Sears, and Bloomingdales.

**Injury to Welspun and the Public**

23. Defendants' actions described above are likely to cause confusion, mistake, and deception as to the source or origin of Defendants' infringing products, and are likely to falsely suggest a sponsorship, connection, license, or association between Defendants and/or their products and Welspun, thereby injuring Welspun and the public.

24. Defendants' activities have caused, and unless enjoined will continue to cause, irreparable harm to Welspun and its valuable HYGROCOTTON trademark.

25. Defendants' activities have caused, and unless enjoined will continue to cause, irreparable harm to both Welspun and consumers, who have an interest in being free from confusion, mistake, and deception.

26. Welspun has suffered actual damages to be proven at trial.

27. Welspun has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

28. Welspun repeats and realleges the allegations set forth in Paragraphs 1 through 27 of this Complaint.

29. For at least ten years, and since long prior to the filing of the applications from which Defendants' HYDROCOTTON registrations issued and any date of first use that may be alleged by Defendants, Welspun has continuously used its HYGROCOTTON mark in commerce in connection with, inter alia, bed sheets and towels.

30. Defendants' use in commerce of the HYDROCOTTON mark in connection with the sale, offering for sale, distribution, and advertising of goods that Defendants have admitted "are both identical and highly-related" to Welspun's HYGROCOTTON-branded goods is likely

to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31. As a direct and proximate result of the willful actions, conduct, and practices of Defendants, Welspun has been damaged and will continue to be irreparably harmed unless Defendants' unlawful conduct is enjoined.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

32. Welspun repeats and realleges the allegations set forth in Paragraphs 1 through 32 of this Complaint.

33. Defendants' actions, as described above, are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' HYDROCOTTON products vis-à-vis Welspun's HYGROGOTTON products, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition, all in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

34. As a direct and proximate result of the willful actions, conduct, and practices of Defendants, Welspun has been damaged and will continue to be irreparably harmed unless Defendants' unlawful conduct is enjoined.

## THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement and Unfair Competition

35. Welspun repeats and realleges the allegations set forth in Paragraphs 1 through 34 of this Complaint.

36. Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive the public regarding the origin, sponsorship, affiliation, connection,

association, or approval of Defendants' and Welspun's respective products and commercial activities described in this Complaint, such that Defendants' acts constitute infringement of the HYGROCOTTON mark, misappropriation of the goodwill in the HYGROCOTTON mark, and unfair competition under New York common law.

37. As a direct and proximate result of the willful actions, conduct, and practices of Defendants, Defendants have been unjustly enriched and Welspun has been damaged and will continue to be irreparably harmed unless Defendants' unlawful conduct is enjoined.

## FOURTH CLAIM FOR RELIEF
### Violation of New York General Business Law § 349

38. Welspun repeats and realleges the allegations set forth in Paragraphs 1 through 37 of this Complaint.

39. Defendants' actions described in this Complaint are (1) consumer-oriented; (2) constitute deceptive acts or practices in the conduct of a business, trade, and commerce in New York in a material way; and (3) caused Welspun injury as a result of such deceptive and misleading activities, in violation of N.Y. Gen. Bus. Law § 349.

40. The actions of Defendants described above have at all times relevant to this action been willful and knowing.

## PRAYER FOR RELIEF

WHEREFORE, Welspun requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award Welspun relief including, but not limited to, the following:

A. An Order declaring that Defendants' use of the HYDROCOTTON mark infringe the HYGROCOTTON mark and constitute unfair competition and deception under federal and/or state law, as detailed above;

B.    An Order requiring the Director of the United States Patent and Trademark Office and the Trademark Trial and Appeal Board to: (1) sustain Welspun's Cancellation No. 92061387 and enter judgment against Defendant Eke on all grounds, and (2) cancel registration of Defendant Eke's U.S. Trademark Registration Nos. 3861437 and 4564914 pursuant to 15 U.S.C. § 1119;

C.    A permanent injunction enjoining Defendants and their employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, suppliers, and all persons in active concert or participation with any of them from:

    1.    Selling, advertising, promoting, and distributing any products bearing the HYDROCOTTON mark or confusingly similar variations thereof;

    2.    From registering or seeking to register Defendants' HYDROCOTTON mark in any form, including but not limited to in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to any of Welspun's HYGROCOTTON mark; and

    3.    From representing by any means whatsoever, directly or indirectly, that Defendants, any products offered by Defendants, or any activities undertaken by Defendants, are associated or connected in any way with Welspun or sponsored by or affiliated with Welspun in any way;

D.    An Order requiring Defendants to sequester, forfeit, and deliver up for destruction all infringing products in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives, that bear the HYDROCOTTON mark, or confusingly similar variations thereof;

E.  An Order requiring Defendants to deliver up for destruction all materials in its possession, custody or control, or in the possession, custody, or control of any of its agents or representatives, embodying or displaying the HYDROCOTTON mark, or confusingly similar variations thereof, including but not limited to labels, catalogs, advertisements, promotional materials, and the like;

F.  An Order directing that, within thirty (30) days after the entry of the injunction, Defendants file with this Court and serve on Welspun's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.  An Order requiring Defendants to account for and pay to Welspun all profits and unjust gains arising from its unlawful acts alleged herein, and increasing such profits in accordance with 15 U.S.C. § 1117 and other applicable laws;

H.  An order requiring Defendants to disseminate pre-approved corrective advertising and send pre-approved letters to all customers, agents, and representatives to address the likely confusion caused by their infringing HYDROCOTTON mark and/or logo;

I.  An Order requiring Defendants to pay Welspun damages in an amount as yet undetermined (and including prejudgment and post-judgment interest) caused by Defendants' unlawful acts alleged herein, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

J.  An Order requiring Defendants to pay Welspun its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

K.  An award of exemplary and punitive damages;

L.  Costs and expenses in this action; and

M.      Such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Welspun respectfully demands a trial by jury on all issues properly triable to a jury in this action.

Dated: October 10, 2017          By: /s/ Naresh Kilaru
                                              Naresh Kilaru
                                              Email: naresh.kilaru@finnegan.com
                                              Laura K. Johnson
                                              Email: laura. johnson@finnegan.com
                                              FINNEGAN, HENDERSON, FARABOW,
                                                 GARRETT & DUNNER, LLP
                                              901 New York Street, N.W.
                                              Washington, D.C. 20001
                                              Tel: (202) 408-4000
                                              Fax: (202) 408-4400

                                              *Attorneys for Plaintiffs*
                                              *WELSPUN USA, INC.,*
                                              *WELSPUN  GLOBAL BRANDS LIMITED, and*
                                              *WELSPUN INDIA LIMITED*