**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WELSPUN USA, INC.,<br>WELSPUN GLOBAL BRANDS LIMITED, and<br>WELSPUN INDIA LIMITED,<br><br>　　　　　*Plaintiffs*,<br><br>　　v.<br><br>EKE TEKSTIL KONFEKSIYON TURIZM<br>SANAYI VE TICARET A.S.,<br>EKE USA, INC., and<br>VERITAS TEKSTIL KONF. PAZ. SAN. TIC. A.S.,<br><br>　　　　　*Defendants*. | CIVIL ACTION NO. 1:17-cv-7001-GHW<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MEMORANDUM OF LAW SUPPORTING PLAINTIFFS'**
**MOTION TO DISMISS CERTAIN OF DEFENDANTS' COUNTERCLAIMS**

# TABLE OF CONTENTS

I.      INTRODUCTION ...............................................................................................................1

II.     BACKGROUND ...............................................................................................................2

III.    LEGAL STANDARD.........................................................................................................3

IV.     ARGUMENT .....................................................................................................................4

        A.      This Court Lacks Subject Matter Jurisdiction Over Defendants'
                Counterclaims Relating to HYGRO Because HYGRO Is Not
                "Involved" in this Action Under 15 U.S.C. § 1119 ................................................4

                1.      Defendants' HYGRO Counterclaims Do Not Raise a "Justiciable
                        Controversy"...............................................................................................5

                2.      The Decision in *World Market Center Venture, LLC v. Texas Int'l
                        Prop. Assocs.* Is Factually Analogous and Highly Persuasive....................6

        B.      Veritas' Counterclaim Seeking Cancellation of the HYGRO Registration
                Fails to State a Claim Under 15 U.S.C. § 1064 .......................................................7

        C.      Defendants Fail to Plead Fraud Counterclaims with Sufficient Particularity........10

        D.      The Eke Defendants' Naked Licensing Counterclaims Against the
                HYGRO and HYGROCOTTON Registrations Fail to State a Claim Upon
                Which Relief Can Be Granted ..............................................................................13

        E.      Veritas' Genericness Counterclaim Against the HYGROCOTTON
                Registration Fails to State a Claim Upon Which Relief Can Be Granted .............14

V.      CONCLUSION.................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*,
    241 F. Supp. 3d 461 (S.D.N.Y 2017) ....................................................................................11

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*,
    300 U.S. 227 (1937) ...............................................................................................................5

*Altman v. Bedford Cent. Sch. Dist.*,
    245 F.3d 49 (2d Cir. 2001) .....................................................................................................3

*In re American Fertility Society*,
    188 F.3d 1341 (Fed. Cir. 1999) ......................................................................................12, 15

*Amusement Indus., Inc. v. Midland Ave. Assocs., LLC*,
    820 F. Supp. 2d 510 (S.D.N.Y. 2011) ...................................................................................3

*Arista Records, LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010) ...................................................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................................................................4, 9

*Berliner v. Recordcraft Sales Corp.*,
    No. 81 Civ. 4358, 1987 WL 5805 (S.D.N.Y. Jan. 15, 1987), *aff'd*, 857 F.2d
    1461 (2d Cir. 1987) ................................................................................................................8

*In re Bose Corp.*,
    580 F.3d 1240 (Fed. Cir. 2009) ...........................................................................................10

*ESPN, Inc. v. Quicksilver, Inc.*,
    586 F. Supp. 2d 219 (S.D.N.Y. 2008) ...................................................................................9

*Gen. Motors Corp. v. Gibson Chem. & Oil*,
    786 F.2d 105 (2d Cir. 1986) .................................................................................................14

*In re Houbigant, Inc.*,
    914 F. Supp. 997 (S.D.N.Y. 1996) ..................................................................................8, 10

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ...................................................................................................3

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007)....................................................................................................5

*Orientview Techs. LLC v. Seven For All Mankind, LLC*,
   No. 13 Civ. 0538 (PAE), 2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013) ......................3

*Patsy's Italian Rest., Inc. v. Banas*,
   508 F. Supp. 2d 194 (E.D.N.Y. 2007) ......................................................................14

*Pilates, Inc. v. Current Concepts, Inc.*,
   120 F. Supp. 2d 286 (S.D.N.Y. 2000).......................................................................10

*Princeton Vanguard, LLC v. Frito-Lay N. America, Inc.*,
   786 F.3d 960 (Fed. Cir. 2015)...................................................................................15

*Quality Serv. Grp. v. LJMJR Corp.*,
   831 F. Supp. 2d 705 (S.D.N.Y. 2011).......................................................................11

*Revonate Mfg., LLC v. Acer Am. Corp.*,
   No. 12 Civ. 6017 (KBF), 2013 WL 342922 (S.D.N.Y. Jan. 18, 2013) ......................3

*S. Cherry St. LLC v. Hennessee Grp. LLC (In re Bayou Hedge Fund Litig.)*,
   534 F. Supp. 2d 405 (S.D.N.Y. 2007).........................................................................4

*Star–Kist Foods, Inc. v. P.J. Rhodes & Co.*,
   735 F.2d 346 (9th Cir. 1984) ......................................................................................8

*Tap It Brewing Co., LLC v. Tap or Nap LLC*,
   2015 WL 9906319 (TTAB Jul. 15, 2015)..................................................................15

*Windsurfing Int'l Inc. v. AMF Inc.*,
   828 F.2d 755 (Fed. Cir. 1987)...........................................................................4, 5, 6, 7

*World Market Center Venture, LLC v. Texas Int'l Prop. Assocs.*,
   No. 2:08-cv-01753, 2009 WL 3303758 (D. Nev. Oct. 14, 2009)...........................6, 7, 9, 10

*Yurman Design Inc. v. Chaindom Enters., Inc.*,
   99 Civ. 9307 (JFK), 2000 WL 897141 (S.D.N.Y. July 5, 2000)..............................8, 9, 10

**Federal Statutes**

15 U.S.C. § 1064.............................................................................................. *passim*

15 U.S.C. § 1119.............................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 9(b) ...............................................................................................2, 10

Fed. R. Civ. P. 12(b)(1)............................................................................................1, 3, 5, 7

Fed. R. Civ. P. 12(b)(6)............................................................................................. *passim*

Plaintiffs Welspun USA. Inc., Welspun Global Brands Limited, and Welspun India Limited ("Plaintiffs" or "Welspun") submit this Memorandum in support of their Motion to Dismiss certain counterclaims made by Defendants Eke Tekstil Konfeksiyon Turizm Sanayi ve Ticaret, A.S. and Eke USA, Inc. (the "Eke Defendants'") and Defendant Veritas Tekstil Konf. Paz. San. Tic. A.S. ("Veritas'") (collectively "Defendants").

# I.     INTRODUCTION

Welspun's trademark infringement, unfair competition, and state law claims are based on Defendants' infringement of Welspun's HYGROCOTTON trademark, as Defendants use the nearly identical HYDROCOTTON mark to offer and sell competing bed and bath linen products.  Given the obvious similarities between HYGROCOTTON and HYDROCOTTON, Welspun intentionally did not assert claims based on its U.S. Registration No. 4,184,680 for the HYGRO mark (the "HYGRO Registration"). Welspun has not sought discovery relating to the HYGRO mark or otherwise put Welspun's rights in the HYGRO mark at issue in this proceeding.

Several of Defendants' counterclaims seek to collaterally challenge Welspun's HYGRO Registration, over which no case or controversy exists.  These counterclaims should be dismissed under Fed. R. Civ. P. 12(b)(1).

Further, because Veritas' counterclaim against the HYGRO Registration contains no allegations that it is being damaged by that registration, Veritas lacks standing under 15 U.S.C. § 1064 warranting dismissal under Fed. R. Civ. P. 12(b)(6).

Defendants' counterclaims against the HYGRO Registration alleging fraud should also be dismissed.  In addition to the fact that Welspun has not asserted infringement of the HYGRO mark, Defendants' counterclaims fail to plead with sufficient particularity

1

the material misstatement of fact necessary to meet the heightened fraud pleading requirement under Fed. R. Civ. P. 9(b).

In addition, the Eke Defendants allege that Welpsun has abandoned its rights in both HYGRO and HYGROCOTTON through naked licensing.  Because the Eke Defendants fail to plead the elements required for naked licensing, these counterclaims should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Finally, because Veritas' counterclaim against U.S. Registration No. 2983694 for HYGROCOTTON (the "HYGROCOTTON Registration") contains no allegation that the HYGROCOTTON mark in its entirety is generic, this counterclaim should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## II.    BACKGROUND

On October 10, 2017, Welspun filed its First Amended Complaint (Dkt. No. 13), alleging that Defendants' HYDROCOTTON mark infringes Welspun's HYGROCOTTON mark given the similarity of the parties' marks, goods, and trade channels.  Plaintiff Welspun India Limited is the owner of the HYGROCOTTON Registration, while Plaintiff Welspun Global Brands is responsible for the marketing of the HYGROCOTTON mark in the United States.  Significantly, Welspun intentionally did not assert or even mention its HYGRO Registration or mark in the Complaint or First Amended Complaint.

The Eke Defendants filed various counterclaims on April 3, 2018 (Dkt. No. 54), and Veritas filed amended counterclaims on April 18, 2018 (Dkt. No. 55).  Welspun seeks to dismiss the following counterclaims:

- Eke Defendants' Counterclaim Count II - cancellation of the HYGROCOTTON Registration for abandonment on naked licensing grounds;

- Eke Defendants' Counterclaim III - cancellation of the HYGRO Registration for Invalidity-Improper Filing Basis and Lack of Bona Fide Intent;

- Eke Defendants' Counterclaim Count IV - cancellation of the HYGRO Registration for abandonment on naked licensing grounds;

- Eke Defendants' Counterclaim Count V - cancellation of the HYGRO Registration on genericness grounds;

- Eke Defendants' Counterclaim Count VI - cancellation of the HYGRO Registration for fraud on the USPTO; and

- Veritas' Amended Counterclaim Count I - cancellation of the HYGRO Registration on genericness and fraud grounds.

- Veritas' Amended Counterclaim Count II - cancellation of the HYGROCOTTON Registration on genericness grounds.

## III.   LEGAL STANDARD

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13 Civ. 0538 (PAE), 2013 WL 4016302, at *2 (S.D.N.Y. Aug. 7, 2013) (quoting *Revonate Mfg., LLC v. Acer Am. Corp.*, No. 12 Civ. 6017 (KBF), 2013 WL 342922, at *2 (S.D.N.Y. Jan. 18, 2013)).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory . . . power to adjudicate it." *Amusement Indus., Inc. v. Midland Ave. Assocs., LLC*, 820 F. Supp. 2d 510, 523 (S.D.N.Y. 2011) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). A court lacks jurisdiction over the subject matter of a claim when no justiciable case or controversy exists. *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 69 (2d Cir. 2001);

*see also Windsurfing Int'l Inc. v. AMF Inc.*, 828 F.2d 755, 758-59 (Fed. Cir. 1987)

(applying Second Circuit law).

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine

whether the facts alleged in the complaint sufficiently state a "plausible" ground for

relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While all allegations

of material fact in the complaint must be taken as true and construed in the light most

favorable to the nonmoving party, it is the pleading party's obligation to "assert 'enough

facts to state a claim to relief that is plausible on its face.'" *S. Cherry St. LLC v.*

*Hennessee Grp. LLC (In re Bayou Hedge Fund Litig.)*, 534 F. Supp. 2d 405, 413

(S.D.N.Y. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). A mere "formulaic recitation

of the elements of a cause of action will not do." *Id.* Moreover, "the tenet that a court

must accept a complaint's allegations as true is inapplicable to threadbare recitals of a

cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*,

556 U.S. 662, 663 (2009). "[R]ather, the complaint's factual allegations must be enough

to raise a right to relief above the speculative level, i.e., enough to make the claim

plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting

*Twombly*, 550 U.S. at 555, 570) (internal quotation marks omitted).

## IV.   ARGUMENT

### A.   This Court Lacks Subject Matter Jurisdiction Over Defendants' Counterclaims Relating to HYGRO Because HYGRO Is Not "Involved" in this Action Under 15 U.S.C. § 1119

The Eke Defendants' Counterclaims 3, 4, 5, and 6 and Veritas' Amended

Counterclaim No. 1 seek cancellation of the HYGRO Registration on various grounds

("Defendants' HYGRO Counterclaims"). Defendants' HYGRO Counterclaims seek to

force this Court to adjudicate the validity of a registration over which no case or controversy exists in violation of Fed. R. Civ. P. 12(b)(1).

Article III of the United States Constitution limits the exercise of judicial power to "cases" and "controversies." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227 (1937). Where there is no case or controversy, district courts lack subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 120, 126 (2007). Here, the key question is whether Defendants' HYGRO Counterclaims raise a "justiciable controversy" under Article III.

### 1. Defendants' HYGRO Counterclaims Do Not Raise a "Justiciable Controversy"

Under 15 U.S.C. § 1119, district courts have the power to "order the cancellation of registrations" for "any action involving a registered mark." *See Windsurfing Int'l*, 828 F.2d at 758-59 (applying Second Circuit law) ("[D]istrict courts have the power to cancel registrations, but only in 'actions involving a registered mark.'") (quoting 15 U.S.C. § 1119). "'Involving' cannot mean the mere presence of a registered trademark, but must be read as involving the right to use the mark and thus the right to maintain the registration." *Id.* at 758. "Involving" requires something beyond "the mere competitor status of the parties to serve as a basis for the court's jurisdiction. *Id.* at 758-59. When a party counterclaims to cancel a mark not "involved" in the action, no justiciable case or controversy exists and the court lacks subject-matter jurisdiction over that counterclaim. *Id*.

The Federal Circuit decision in *Windsurfing* (relying upon Second Circuit law) is instructive. There, the plaintiff brought suit against the defendant for patent infringement, and subsequently sent a cease and desist letter to the defendant threatening

a trademark infringement suit unless the defendant ceased use of the plaintiff's federally registered WINDSURFER trademark. *Id.* at 757. Even though the plaintiff did not actually assert trademark infringement claims based on its WINDSURFER mark, the defendant filed a counterclaim seeking cancellation of plaintiff's WINDSURFER trademark on genericness grounds pursuant to 15 U.S.C. § 1119. *Id.* The Federal Circuit found that plaintiff's demands did not "constitute a course of conduct placing [the defendant] in legally adversarial conflict respecting [plaintiff's] trademark registrations." *Id.* at 759. As such, the Federal Circuit dismissed the counterclaim for a lack of subject matter jurisdiction. *Id.*

> **2.   The Decision in *World Market Center Venture, LLC v. Texas Int'l Prop. Assocs.* Is Factually Analogous and Highly Persuasive**

While outside the Circuit, *World Market Center Venture, LLC v. Texas Int'l Prop. Assocs.*, No. 2:08-cv-01753, 2009 WL 3303758 (D. Nev. Oct. 14, 2009) is highly instructive on the proper scope of "involving" under 15 U.S.C. § 1119. This decision makes clear that only marks asserted as infringed should be considered "involved" in the action. *Id.* at *4. There, the plaintiff listed all 24 of its federal registrations and pending applications in the complaint, but asserted trademark infringement claims only with respect to its LAS VEGAS MARKET registration. *Id.* at *2, 4. Defendant counterclaimed seeking cancellation not only of the LAS VEGAS MARKET registration, but also plaintiff's registrations for LAS VEGAS FURNITURE MARKET and LAS VEGAS DESIGN CENTER. *Id.* at *3. The court dismissed these latter counterclaims because, despite having listed LAS VEGAS FURNITURE MARKET and LAS VEGAS DESIGN CENTER in the complaint, "plaintiff has made no such claim" that these marks were infringed. *Id.* at *4.

Welspun's asserted trademark claims pertain solely to the HYGROCOTTON Registration and Defendants' registration and use of the confusingly similar HYDROCOTTON mark.  Welspun specifically chose to not "involve" its HYGRO Registration in this case.  Welspun has not asserted the HYGRO Registration or mark in its Complaint or Amended Complaint,  has not sought discovery implicating the HYGRO mark, or otherwise made Welspun's rights in the HYGRO mark relevant in this proceeding.

As in *World Market*, the fact that HYGRO and HYGROCOTTON share the term HYGRO does not create a *per se* conclusion that HYGRO is "involved" in Welspun's claims.  HYGRO and HYGROCOTTON are separately registered federal trademarks whose validity must be independently assessed and determined with different discovery, different experts, and a different set of facts.

Similar to *Windsurfing* and *World Market*, by omitting HYGRO from its Complaint and First Amended Complaint, Welspun has not "involved" the HYGRO Registration in the current dispute.  Because Defendants seek to cancel a mark not "involved" in this action, this Court lacks jurisdiction under 15 U.S.C. § 1119 to hear any counterclaim relating to HYGRO.  Therefore, Defendants' HYGRO Counterclaims warrant dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### B.     Veritas' Counterclaim Seeking Cancellation of the HYGRO Registration Fails to State a Claim Under 15 U.S.C. § 1064

Veritas' Amended Counterclaim No. 1 warrants dismissal under Fed. R. Civ. P. 12(b)(6) for a lack of standing under 15 U.S.C. § 1064.  In its Amended Counterclaim, Veritas alleges that Welspun's HYGRO mark is generic and that Welspun obtained the

HYGRO Registration fraudulently.  (Dkt No. 55, ¶¶ 24 - 36.)  Nowhere in its Amended Counterclaim does Veritas allege the requisite harm resulting from this registration.

When seeking cancellation of registrations under 15 U.S.C. § 1119, the moving party must satisfy all of the standing requirements set forth in 15 U.S.C. § 1064.  *Yurman Design Inc. v. Chaindom Enters., Inc.*, 99 Civ. 9307 (JFK), 2000 WL 897141, at *4 (S.D.N.Y. July 5, 2000).  To satisfy 15 U.S.C. § 1064 standing requirements, the moving party must show that it is a "person who believes that he is or will be damaged" by the registration of the mark on the principal register.  15 U.S.C. § 1064; *see also Yurman*, 2000 WL 897141, at *4.  The moving party must show "a real and rational basis for his belief that he would be damaged by the registration sought to be cancelled, stemming from an actual commercial or pecuniary interest in his own mark."  *In re Houbigant, Inc.*, 914 F. Supp. 997, 1002 (S.D.N.Y. 1996) (quoting *Star–Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346, 349 (9th Cir. 1984)).  "That belief cannot be subjective, illusory, or founded in some notion of *amour propre*."  *Berliner v. Recordcraft Sales Corp.*, No. 81 Civ. 4358, 1987 WL 5805, at *8 (S.D.N.Y. Jan. 15, 1987), *aff'd*, 857 F.2d 1461 (2d Cir. 1987).

Veritas has failed to plead such a belief as its Amended Counterclaim No. 1 contains no allegations of damage or other harm by the continued registration of the HYGRO mark.  In *Yurman*, the defendant asserted a counterclaim under 15 U.S.C. § 1119 to cancel the plaintiff's federal registration on the grounds that the plaintiff did not own the mark, had abandoned the mark, and the registration was fraudulent.  2000 WL 897141, at *4.  The court dismissed the counterclaim for a lack of standing under Section 1064 because "the validity of the registered mark had not been placed at issue"

and the defendant "allege[d] . . . no commercial or pecuniary interest in any trademark that [was] or [would] be damaged by continued registration of plaintiff's mark." *Id.* at *4-5; *see contra ESPN, Inc. v. Quicksilver, Inc.*, 586 F. Supp. 2d 219 (S.D.N.Y. 2008) ("The complaint in Yurman was dismissed, even though the defendant alleged 'no right to use the trademark at issue, THE CABLE COLLECTION, and no commercial or pecuniary interest in any trademark that is or will be damaged by continued registration of Plaintiff's trademark, because the Yurman complaint did not include a claim for trademark infringement or ***any other claim that placed the validity of the registered mark in issue***.' Here, by contrast, ESPN's own complaint alleges that Quicksilver is infringing its registered (or soon-to-be registered) mark, and defendant counterclaims for trademark infringement as well, claiming to be the senior user.") (emphasis added).

Similarly, in *World Market Center Venture*, the court dismissed the defendant's Section 1119 counterclaim for lack of standing because the plaintiff never asserted the challenged marks against the defendant, and the defendant "demonstrate[d] no personal interest in the registration of the [challenged marks] beyond that of the general public." 2009 WL 3303758, at *4. Specifically, the court found that "[i]t is not apparent from the Counterclaim how TIPA believes it will be damaged by WMCV's registration of [non-asserted marks]. . . . In the context of a motion to dismiss, TIPA must at least make a plausible claim to this effect, not simply a conceivable claim." *Id.* at *3 (citing *Twombly*, 550 U.S. at 570).

Veritas' Amended Counterclaim No. 1 contains no allegations that it is being damaged or harmed by the HYGRO registration (*see* Dkt. No. 55 at ¶¶ 24-31). Not only does Veritas fail to state a "real and rational basis" under which it would be damaged by

the HYGRO registration, it states no basis at all.  *See In re Houbigant, Inc.*, 914 F. Supp. at 1002.  Like both *Yurman* and *World Market Center Venture*, Welspun's omission of HYGRO does not place that mark in dispute.  In view of Veritas's failure to plead any injury from the continued registration of HYGRO, Veritas' cancellation claim lacks standing under Section 1064 and does not state a claim upon which relief can be granted, warranting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

   **C.    Defendants Fail Plead Fraud Counterclaims with Sufficient Particularity**

   The Eke Defendants' Counterclaim 6 and Veritas' Amended Counterclaim No. 1 against Welspun Global Brands Limited claiming fraud in the registration of the HYGRO mark ("Defendants' Fraud Counterclaims") should also be dismissed for failure to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b).  Defendants' Fraud Counterclaims are rooted in the allegation that Welspun's federally registered HYGRO mark is generic.  In view of this alleged genericness, Defendants claim that Welspun secured the HYGRO Registration by submitting a false statement during prosecution, which resulted in fraud on the USPTO.

   "A party seeking cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof."  *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009); *see also Pilates, Inc. v. Current Concepts, Inc.*, 120 F. Supp. 2d 286, 313 (S.D.N.Y. 2000) (quotation omitted) ("Fraud in a trademark cancellation is something that must be 'proved to the hilt' with little or no room for speculation or surmise; considerable room for honest mistake, inadvertence, erroneous conception of rights, and negligent omission; and any doubts resolved against the charging party."). The party must plead with particularity that (1) the registrant misrepresented a material

fact, (2) the registrant knew or should have known that its representation was false, (3) the registrant intended to induce the [USPTO] to act in reliance thereon, (4) the [USPTO] reasonably relied on the misrepresentation, and (5) damages proximately resulted from that reliance. *See A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 241 F. Supp. 3d 461, 479-480 (S.D.N.Y 2017).  Evidence that a registrant made "a false statement" to the USPTO "is not sufficient to cancel a mark."  *Quality Serv. Grp. v. LJMJR Corp.*, 831 F. Supp. 2d 705, 710 (S.D.N.Y. 2011) (internal quotation omitted).  Rather, a party must establish that the registrant acted "with intent to deceive" and made "a misstatement of a material fact."  *Id.* (internal quotation omitted).

Defendants' Fraud Counterclaims fall short of this standard.  As noted above, these Counterclaims are premised solely on Welspun's statement to the USPTO during prosecution of the HYGRO application.  To assert that this statement was false and misrepresented a material fact, Defendants point only to (1) the understanding of the term HYGRO in "the science and textile fields" and (2) "Welspun's "patent filings."

Specifically, Defendants claim that HYGRO is "understood by the science and textile fields to refer to 'the way the fiber takes up or gives off moisture.'" (although they provide no details regarding the source or origin of this quote). (Dkt. No. 54 at ¶ 53; Dkt. No. 55 at ¶ 25.)  Even assuming the truth of this allegation, Defendants fail to allege that the "science and textile fields" are "the relevant trade or industry" referenced in Welspun's USPTO statement.  In other words, even assuming that the term HYGRO has some arcane meaning in scientific literature, Defendants fail to allege that this meaning is understood by the general public purchasing Welspun's bed sheets and towels (i.e., "the relevant trade or industry"), which is the relevant inquiry for a genericness claim.  *See* 15

11

U.S.C. § 1064(3) ("The primary significance of the registered mark to the relevant public rather than purchaser motivation shall be the test for determining whether the registered mark has become the generic name of goods or services on or in connection with which it has been used."); *see also In re American Fertility Society*, 188 F.3d 1341, 1347 (Fed. Cir. 1999) (the correct legal test for genericness . . . requires evidence of 'the genus of goods or services at issue' and the understanding by the general public that the mark refers primarily to 'that genus of goods or services.'") (internal quotation omitted).

Defendants likewise provide scant factual support regarding the "patent filings," with no registration number(s) identified or even an allegation that these are U.S. patents. The only patent filings discussed in Defendants' Counterclaims point to two quotes, allegedly from Welspun's patent filings:

- Eke - "In patent filings, WIL has stated that '[t]he word 'HYGRO' refers to the phenomenon of absorption of water or moisture by yarns and fabrics including towels and toweling fabrics.'"  (Dkt. No. 54 at ¶ 23)

- Eke - "[I]n a provisional patent application filed in 2005 for *Hygro Materials for Use in Making Yarns and Fabrics*, WIL stated at the onset in the Field of Invention that **'the invention is directed at producing super absorbent 'HYGRO', hydrophilic yarns/fabrics.'**"  (Dkt. No. 54 at ¶ 24 (emphasis in original).)

- Veritas - "Since in or about 2005, Welspun's has used the term HYGRO in a generic sense in patent filings, stating, '[t]he word 'HYGRO' refers to the phenomenon of absorption of water or moisture by yarns and fabrics including towels and toweling fabrics," and "the invention is directed at producing super absorbent 'HYGRO', hydrophilic yarns/fabrics.'"  (Dkt. No. 55 at ¶ 26.)

Significantly, each of these statements shows the use of HYGRO mark *in a trademark manner* (i.e., in all capital letters and with quotation marks to differentiate HYGRO from the surrounding text).  If anything, the quotes show that Welspun clearly uses HYGRO as a trademark, while the generic term is "hydrophilic yarns/fabrics."  As such, the quotes

12

on their face fail to support Defendants' allegation that Welspun's USPTO statement (i.e., that HYGRO "has no significance in the relevant trade or industry") is false, let alone a misstatement of material fact.  As such, Defendants have not met their "heavy burden" of pleading that Welspun fraudulently procured the HYGRO mark.

For these reasons, Defendants' Fraud Counterclaims should be dismissed.

### D. The Eke Defendants' Naked Licensing Counterclaims Against the HYGRO and HYGROCOTTON Registrations Fail to State a Claim Upon Which Relief Can Be Granted

The Eke Defendants' Counterclaim Nos. 2 and 4 alleging abandonment by naked licensing of the HYGRO and HYGROCOTTON marks ("Eke Defendants' Naked Licensing Counterclaims") should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Welspun Global Brands Limited (WGBL) is the owner of the HYGRO Registration.  Welspun India Limited (WIL) is the owner of the HYGROCOTTON Registration.  Eke Defendants' Naked Licensing Counterclaims allege that:

> WGBL's registration for HYGRO is subsumed within WIL's registration for HYGROCOTTON and vice versa.  Upon information and belief, WIL did not oversee WGBL in the latter's use of HYGRO. Upon information and belief, WGBL did not oversee WIL in the latter's use of HYGROCOTTON. As a result of WIL's naked licensing of its HYGROCOTTON mark to WGBL, the HYGROCOTTON mark ceased to function as an indicator of source and was abandoned.

Dkt. No. 55 at ¶ 33, 44.  Welspun Global Limited Brands does not need to oversee Welspun India Limited's use of HYGROCOTTON because Welspun India Limited is the owner of HYGROCOTTON.  Likewise, Welspun India Limited does not need to oversee Welspun Global Limited Brands' use of HYGRO because WGBL is the owner of HYGRO.  The Eke Defendants' Naked Licensing Counterclaims fail to state a claim on this point alone.

13

Further, whether Welspun has abandoned rights in the HYGRO or

HYGROCOTTON Registrations by engaging in naked licensing to one of its affiliated

companies depends on "whether the licensees' operations are policed adequately to

guarantee the *quality of the products* sold under the mark." *Gen. Motors Corp. v. Gibson*

*Chem. & Oil*, 786 F.2d 105, 110 (2d Cir. 1986) (emphasis added); *see also Patsy's Italian*

*Rest., Inc. v. Banas,* 508 F. Supp. 2d 194, 212 (E.D.N.Y. 2007) ("Where a licensor retains

no control over *the nature or quality of the goods or services provided in connection with*

*the mark*, ... such naked licensing will result in abandonment." (internal quotations

omitted) (emphasis added).

The Eke Defendants' Naked Licensing Counterclaims allege that, as a result of

naked licensing and a lack of oversight, the HYGRO and HYGROCOTTON marks have

"ceased to function as an indication of source and [were] abandoned."  (Dkt. No. 54,

¶¶ 33-35, 44-46.)  These allegations reference nothing about Welspun's control (or lack

thereof) over the "nature or quality of the goods" sold in connection with the HYGRO

and HYGROCOTTON marks.  In fact, the claims fail to even mention Welspun's goods.

By omitting this critical element, these Counterclaims fail to state a claim for naked

licensing and should be dismissed.

> **E.    Veritas' Genericness Counterclaim Against the**
> **HYGROCOTTON Registration Fails to State a Claim Upon**
> **Which Relief Can Be Granted**

Veritas' Amended Counterclaim No. 2 seeking cancellation of the

HYGROCOTTON Registration on genericness grounds ("Veritas' HYGROCOTTON

Counterclaim") should be dismissed for failure to state a claim upon which relief can be

granted under Fed. R. Civ. P. 12(b)(6).

"A claim that a mark is generic must rest on an allegation that the mark is generic in its entirety."  *Tap It Brewing Co., LLC v. Tap or Nap LLC*, Opp. No. 91208370, 2015 WL 9906319, at *3 (TTAB Jul. 15, 2015) (generic cancellation claim stricken as it only alleged that the TAP portion of the TAP IT mark was generic); *see also Princeton Vanguard, LLC v. Frito-Lay N. America, Inc.*, 786 F.3d 960 (Fed. Cir. 2015) ("[T]he Board must first identify the genus of goods or services at issue, and then assess whether the public understands the mark, *as a whole*, to refer to that genus.") (original emphasis).

Veritas' HYGROCOTTON Counterclaim pleads the following to support the alleged genericness of the HYGROCOTTON mark:

> 33.  The term HYGROCOTTON is generic and is nothing but an amalgamation of two generic terms, "hygro" and "cotton."
>
> 34.  The term HYGROCOTTON is generic due to Welspun's use of the term HYGRO in a generic sense in a patent application, stating, "[t]he word 'HYGRO' refers to the phenomenon of absorption of water or moisture by yams and fabrics including towels and toweling fabrics," and "the invention is directed at producing super absorbent 'HYGRO', hydrophilic yarns/fabrics."

(Dkt. No. 55, ¶¶ 33-34.)

Veritas bases its cancellation claim on the alleged genericness of the individual "hygro" and "cotton" terms.  Even if true, alleging genericness of the HYGRO mark, "cotton," or an "amalgamation of two generic terms" is insufficient to plead genericness of the HYGROCOTTON mark *as a whole*.  *See, e.g.*, *In re American Fertility Society*, 188 F.3d at 1342 (finding Board applied incorrect legal standard for the SOCIETY FOR REPRODUCTIVE MEDICINE mark when it "assumed the genericness of a phrase as a whole based solely on proof of the genericness of its individual terms.")  Veritas offers no other facts or allegations that the HYGROCOTTON mark *as a whole* is generic.

Because its conclusory statement that "HYGROCOTTON is generic" will not stand on its own, Veritas' HYGROCOTTON Counterclaim should be dismissed for failure to state a claim upon which relief can be granted.

## V.    CONCLUSION

For the reasons set forth above, Welspun respectfully requests that this Court dismiss certain of Defendants' Counterclaims.

Dated:  May 11, 2018              By: /s/ Naresh Kilaru
                                      Naresh Kilaru
                                      Email: naresh.kilaru@finnegan.com
                                      Laura K. Johnson
                                      Email: laura.johnson@finnegan.com
                                      FINNEGAN, HENDERSON, FARABOW,
                                        GARRETT & DUNNER, LLP
                                      901 New York Street, N.W.
                                      Washington, D.C. 20001
                                      Tel: (202) 408-4000
                                      Fax: (202) 408-4400

                                      *Attorneys for Plaintiffs*
                                      *WELSPUN USA, INC.,*
                                      *WELSPUN  GLOBAL BRANDS LIMITED,*
                                      *and WELSPUN INDIA LIMITED*